IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **UNIFI SCIENTIFIC BATTERIES, LLC**  Plaintiff, | § § | |
| vs. | § § | NO. 6:12cv224 JDL |
| **SONY MOBILE COMMUNICATIONS AB, et al.** | § § § | |
| Defendants. | § | |
| vs. | § § | NO. 6:12cv223 LED-JDL |
| **RESEARCH IN MOTION CORPORATION., et al.,** | § § § | |
| Defendants. | § | |
| vs. | § § | NO. 6:12cv225 LED-JDL |
| **NOKIA, INC., et al,** | § § § | |
| Defendants. | § | |
| vs. | § § | NO. 6:12cv221 LED-JDL |
| **HTC CORPORATION., et al.,** | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Texas Instruments Incorporated's ("TI") Motion to Stay Pending *Inter Partes* Review (Doc. No. 67) ("Motion").[1] Plaintiff Unifi Scientific Batteries, LLC ("USB") responded (Doc. No. 72) ("Response") and TI replied (Doc. No. 73). On November 21, 2013, the Court held a hearing on the Motion. Having fully considered the

---

[1] Unless otherwise noted, all citations herein are to the record in *Unifi Scientific Batteries, LLC v. HTC Corporation, et al.,* Case No. 6:12-cv-221. This order also applies to Case No. 6:12-cv-223 Doc. No. 159 and Case No. 6:12-cv-224 Doc. No. 66.

parties' arguments and for the reasons set forth herein, TI's Motion to Stay is **DENIED WITHOUT PREJUDICE**.

## BACKGROUND

On March 30, 2012, USB filed its original complaint in four separate lawsuits against TI and several of its customers, alleging infringement of U.S. Patent No. 6,791,298 ("the '298 Patent"). The other Defendants in each of the four cases are BlackBerry, Sony Mobile, Nokia, and HTC (collectively, "the non-TI Defendants"). TI and Samsung Electronics Co., Ltd. ("Samsung")[2] each petitioned the U.S. Patent and Trademark Office ("PTO") to initiate an *inter partes* review ("IPR") of the '298 Patent pursuant to 35 U.S.C. § 311. USB filed a preliminary response to the petition. On September 25, 2013, the Patent Trial and Appeal Board ("PTAB") granted TI's petition for IPR of claims 1 and 4-18 of the '298 Patent with respect to two references. On the same day, the PTAB granted Samsung's petition for IPR with respect to four references. Thus, the PTO has granted review of the '298 Patent with respect to six references, and is required to issue final determination within one year after the institution of review, unless good cause is shown to extend the deadline for up to six months. 35 U.S.C. § 316(a)(11). TI filed the instant motion to stay on October 18, 2013, requesting a stay of all proceedings in these cases until resolution of the pending IPRs.

## LEGAL STANDARD

"Courts have the inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion" of a PTO administrative proceeding. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988). The party seeking a stay bears the burden of showing that such a course is appropriate. *See Landis v. N. Am. Co*., 299 U.S. 248,

---

[2] Samsung; Samsung Electronics America, Inc.; and Samsung TeleCommunications America, LLC were parties in *Unifi Scientific Batteries, LLC v. Research in Motion, et al.,* Case No. 6:12-cv-223. However, they were dismissed on May 21, 2013 (Doc. No. 139).

255, 57 S.Ct. 163, 81 L.Ed. 153 (1936). A stay pending an administrative proceeding is not automatic; rather, it must be based upon the circumstances of the individual case before the court. *See, e.g., Datatreasury Corp. v. Wells Fargo & Co.*, 490 F.Supp.2d 749, 755 (E.D. Tex. 2006). While the case law states several general considerations that are helpful in determining whether to order a stay, ultimately the Court must decide stay requests on a case-by-case basis. *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. 06–cv–04206–WHA, 2007 WL 1052883, at * 1 (N.D. Cal. Apr. 5, 2007) ("From a case management perspective, the possible benefits must be weighed in each instance against the possible drawbacks."). Though a stay is never required, it may be "particularly justified where the outcome of the [administrative proceeding] would be likely to assist the court in determining patent validity and, if the claims were canceled in the [administrative proceeding], would eliminate the need to try the infringement issue." *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F.Supp.2d 1022, 1023 (N.D. Cal. 2005) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)). Indeed, "an auxiliary function [of the proceeding] is to free the court from any need to consider prior art without the benefit of the PTO's initial consideration." *In re Etter*, 756 F.2d 852, 857 (Fed. Cir. 1985). Nevertheless, there is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule "would invite parties to unilaterally derail litigation." *Soverain Software LLC v. Amazon.Com, Inc.*, 356 F.Supp.2d 660, 662 (E.D. Tex. 2005); *See also Comcast*, 2007 WL 1052883, at *1 ("If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner."). In deciding whether to stay a given action, courts frequently consider three factors: (1) whether the stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will

simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set. *Soverain*, 356 F.Supp.2d at 662.

## DISCUSSION

The Court has inherent discretion whether to grant a stay in patent litigation pending IPR. *See Ethicon*, 849 F.2d at 1426-27. A final decision is made with "an eye toward maintaining an even balance between the competing interests of the parties at issue." *TruePosition, Inc. v. Polaris Wireless, Inc.*, C.A. No. 12-646, 2013 WL 5701529, at *2 (D. Del. Oct. 21, 2013) (citing *SoftView LLC v. Apple, Inc.,* C.A. No. 10-389-LPS, 2012 U.S. Dist. LEXIS 104677, at *6-7 (D. Del. July 26, 2012).

**I.     Undue Prejudice to Plaintiff**

TI argues that USB will not suffer undue prejudice or disadvantage if the Court grants a stay because USB is a non-practicing entity that does not sell products that practice the asserted patent. MOT. at 5. Further, TI argues that USB can be adequately compensated by money damages for any harm suffered during the PTO proceedings. *Id.* USB counters that a stay and resulting delay would run directly against USB's recognized interest in the timely enforcement of its patent rights, that it is possible that the IPR proceedings could take longer than one year, and that witnesses may become unavailable, memories may fade and evidence may be lost pending the conclusion of the IPR proceedings. RESP. at 5.

USB has a recognized interest in the timely enforcement of its patent rights. *Ambato Media, LLC v. Clarion Co., Ltd,* 2:09-cv-242, 2012 WL 194172, at *1 (E.D. Tex. Jan. 23, 2012); *Voltstar Technologies, Inc. v. Superior Commc'ns, Inc.,* 2:12-cv-00082, 2013 WL 4511290, at *2 (E.D. Tex. Aug. 22, 2013). While the final IPR decision is expected prior to September 25, 2014, the PTO can extend that deadline by 6 months to March 2015 which would delay the case

4

beyond the November 10, 2014 and February 9, 2015 trial dates set in the Docket Control Order since December 19, 2012. 35 U.S.C. § 316(a)(11); Doc. No. 44; Case No. 6:12-cv-224, Doc. 35 at 1. Further, if TI is dissatisfied with the PTAB's decision regarding the IPR, it may then appeal the decision to the Federal Circuit, potentially delaying the case even longer. 35 U.S.C. § 141(c). During the November 21, 2013 hearing, TI's counsel advised that TI is only asking the case be stayed through September, and not during the potential appeal process. However, these cases filed on March 30, 2012 have been pending for over a year and a half. A stay through September 2014 would result in a trial date beyond 2015. The Court has an obligation "to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P.1. Thus, the Court finds that this factor weighs against a stay.

## II.    Simplification of the Issues

The second factor, whether a stay would simplify the issues in this case, also weighs in favor of denying a stay. TI argues that staying the litigation and waiting for the PTO to issue a final determination could narrow the issues before the court, prevent duplication of efforts, and encourage settlement or dismissal. MOT. at 6. Additionally, TI would be estopped from asserting "that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review." 35 U.S.C. § 315(e). During the hearing, all four non-TI Defendants stipulated to be estopped from asserting invalidity as to the references which the PTO agreed to consider. While this stipulation certainly broadened the estoppel effect of the IPR, it is important to note that the PTO merely granted the IPR request with respect to two references in TI's petition and four references in Samsung's petition. Defendants' joint invalidity contentions contained over 40 references. RESP. at 6. Undoubtedly, the non-TI Defendants could raise references that were not included as part of the petitions or included in

the PTO's IPR decision. Further, TI and Samsung's IPR challenges are limited to invalidity grounds under 35 U.S.C. §§ 102 and 103 and to alleged prior art consisting of patents or printed publications. Therefore, even if the Defendants are estopped from asserting invalidity under 102 or 103 as to certain prior art, all Defendants may maintain that the asserted claims are invalid under 35 U.S.C. § 112 ¶¶ (1) and (2).

While an IPR record could certainly guide this Court's claim construction analysis, the PTAB and district courts construe claims under different standards. *Compare* 37 C.F.R. § 41.100(b) (stating that "[a] claim in an unexpired patent shall be given its broadest reasonable construction in light of the specification of the patent in which it appears") *with C.R. Bard, Inc. v. U.S. Surgical Corp.,* 388 F.3d 858, 861 (Fed. Cir. 2004) (courts conduct claim construction by examining the intrinsic record to define the patented invention's scope). Thus, the Court is not persuaded by TI's argument that it should wait for the PTO's final decision, particularly in light of the narrow scope of the IPR. If some of the asserted claims are amended through the PTO's deliberations, "the interests of justice would be better served by dealing with this contingency when and if it occurs." *EMG Tech., LLC v. Apple, Inc.,* 2010 U.S. Dist. LEXIS 144656, at *8-9 (E.D. Tex. Nov. 15, 2010). Because of the narrow scope of the IPR and the corresponding estoppel effect, and the potential remaining claims of invalidity, the second factor weighs against a stay.

### III.   Status of the Case

Under the circumstances presented here, the third factor, whether discovery is complete and whether a trial date has been set, also weighs against a stay. These cases have been in litigation for over a year and a half. Trial dates are set for November 10, 2014 and February 9, 2015. The parties have engaged in substantial discovery, produced documents, answered

interrogatories, and served and supplemented infringement and invalidity contentions. Further, claim construction was already underway by the time TI filed for the instant stay. While the timing of the stay motion is not of itself untimely, in light of the narrow IPR, the Court is not persuaded of the benefits of a stay at this point in the case.

## CONCLUSION

At this time, the relevant factors in this case favor denying a stay. For these reasons, the Court **DENIES WITHOUT PREJUDICE** TI's Motion to Stay. Accordingly, this case shall proceed in accordance with the Amended Docket Control Order (Doc. No. 68). However, TI may reurge their motion if warranted by developments in the PTO. If reurged, the non TI Defendants must advise the Court as to the extent they agree to be estopped. Therefore, if TI seeks a stay based on the advancement of their IPR petitions, the Court orders all nonmoving related TI Defendants to file within ten days of TI's filing, no more than five pages indicating whether that party will (1) stipulate to the same estoppel effect as TI of "any ground that the petitioner raised or reasonably could have raised during that inter partes review," or some variation thereof, and (2) stipulate to be bound as soon as the PTO issues an appealable determination.

**So ORDERED and SIGNED this 14th day of January, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE